Max Moskowitz
Ariel Peikes
OSTROLENK FABER LLP
845 Third Avenue
New York, New York 10022
mmoskowitz@ostrolenk.com
apeikes@ostrolekn.com
Telephone: (212) 382-0700
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LIFE STYLE FUTON, INC., and EASY FIT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>EASYFIT SLIPCOVER, LTD., ILYASS ET TAHIRI, TUCOWS, INC., TUCOWS.COM CO., and CABREXA, LLC, and the domain names: **www.easyfitcover.com, www.easyfitslipcover.com,** and **www.easyfitslipcover.co**, *in Rem*.<br><br>Defendants. | Index No.: 21-cv-1482<br><br>**VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; CYBERSQUATTING; and CONTIBUTORY TRADEMARK INFRINGEMENT** |

Plaintiffs Life Style Futon, Inc., and Easy Fit, Inc. (collectively, "The Easy Fit Company" or Plaintiffs), for their complaint for damages and injunctive relief against EasyFit Slipcover, Ltd. ("EasyFit LTD"), Ilyass Et Tahiri ("Et Tahiri"), Tucows, Inc., Tucows.com Co., (collectively "Tucows") and Cabrexa, LLC ("Cabrexa") and www.easyfitcover.com, www.easyfitslipcover.com, and www.easyfitslipcover.co (collectively, "Accused Domains"),  allege as follows:

{02631239.1}

## NATURE OF THE ACTION

1.      Over the course of the past two decades, Plaintiffs Life Style Futon and Easy Fit have used the federally registered trademark, EASY FIT SLIPCOVER to identify high quality goods merchandised or manufactured by Plaintiffs.  The EASY FIT SLIPCOVER mark has been developed and transformed by Plaintiffs into a highly valuable trademark for *inter alia* custom furniture covers, couch cushion covers, chair covers, bolsters and pillows, pet cover solutions, futon covers, and fitted mattress covers, which has been sold through many channels of trade, including on the internet and various ecommerce websites.  As a result, Plaintiffs' trademark is widely-recognized in the industry and amongst consumers in the United States, which adds substantial value to the authentic products that bear the EASY FIT SLIPCOVER Mark.

2.      Defendants, who have no affiliation with the Plaintiffs, have attempted to capitalize on the popularity of the EASY FIT SLIPCOVER Mark. Defendants manufacture and/or market products that compete directly with the Plaintiffs' products and, without authorization from Plaintiff, utilize Plaintiffs' trademark in an effort to confuse consumers into believing that they are buying authentic versions of Plaintiffs' products, and to steer consumer internet traffic away from Plaintiffs' authentic website to Defendants' imitation websites and other ecommerce stores. The effort has succeeded and customers have already been confused.

3.      Defendants have used the Plaintiffs' EASY FIT SLIPCOVER trademark without Plaintiffs' permission, authorization or approval.  Defendants' conduct is likely to cause, and has already caused, consumers to mistakenly believe that the products sold and promoted by Defendants either are authentic EASY FIT SLIPCOVER products, are sold by Defendants under a license agreement, joint venture or other form of authorization by Plaintiffs, or are otherwise endorsed by or affiliated with Plaintiffs.

4.      For these and other reasons, Defendants have caused, and unless enjoined, will continue to cause, irreparable harm to Plaintiffs and an incalculable loss of goodwill and damages.

## **PARTIES**

5.      Plaintiff Life Style Futon Inc. is a New York corporation, with a principal place of business in Queens County, New York, at 58-25 Laurel Hill Blvd., Woodside, New York 11377 ("Life Style").  Life Style owns the intellectual property rights of The Easy Fit Company, including the subject EASY FIT SLIPCOVER trademark, U.S. Patent and Trademark Office Registration Number 2,706,591.

6.      Plaintiff Easy Fit, Inc. is a New York corporation, with a principal place of business in Queens County, New York, at 58-25 Laurel Hill Blvd., Woodside, New York 11377 ("Easy Fit").  East Fit is the exclusive licensee of the EASY FIT SLIPCOVER trademark.

7.      Upon information and belief, Defendant EasyFit Slipcover LTD. (hereinafter, "EasyFit LTD") is a limited liability company organized and existing under the laws of England with a principal place of business at Dephna House, 7 Coronation Road, Launchese, London NW10 7 PQ United Kingdom, and that transacts business in the State of New York and within this judicial district. EasyFit LTD has been doing business using, among others, the domain names: www.easyfitcover.com, www.easyfitslipcover.com, www.easyfitslipcover.co, and www.cabrexa.com.

8.      Upon information and belief, Defendant Ilyass Et Tahiri is an individual domiciled in Morocco, residing at Hay El Bahja 624, Marrakech, Morocco, and is the founder and CEO of corporate defendant, EasyFit LTD. Et Tahiri uses the email address: ilyassettahiri24@gmail.com, including with the Plaintiffs.

9.      Upon information and belief, Et Tahiri has an ownership interest in, operates and/or manages the business of the Defendant EasyFit LTD, and is the moving force behind actions taken by EasyFit LTD.

10.      Upon information and belief, there exists, and at all times herein mentioned there existed, a unity of interest between and among defendants EasyFit LTD and Et Tahiri vis-à-vis the ownership, operation and/or management of EasyFit LTD.

11.      Upon information and belief, EasyFit LTD is so dominated and controlled by Et Tahiri, such that the two may be considered interchangeable with one another.

12.      Defendant Tucows, Inc. is a web domain Registrar and is the registrar for Defendant EasyFit LTD's illegally procured domain names: www.easyfitcover.com, www.easyfitslipcover.com, and www.easyfitslipcover.co.  Defendant Tucows, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with a principal place of business at 96 Mowat Avenue, Toronto, Ontario, M6K, 3M1, Canada.

13.      Upon information and belief, Defendant Tucows.com Co. is a web domain Registrar that is affiliated with Tucows, Inc.  Tucows.com Co. is a corporation organized and existing under the laws of the territory of Nova Scotia, Canada, with a principal place of business at 96 Mowat Avenue, Toronto, Ontario, M6K, 3M1, Canada.

14.      Upon information and belief, Defendant Cabrexa, LLC ("Cabrexa") is a limited liability company organized and existing under the laws of Wyoming, with a principal place of business at 1309 Coffeen Avenue, Suite 1200, Sheridan, WY 82801. Cabrexa owns and operates an e-commerce website at www.cabrexa.com.  The publisher of the website alleges to be "EASY FIT SLIPCOVER".  The Cabrexa website also lists the London address of Defendant EasyFit LTD as its own address.

15.      Upon information and belief, Cabrexa LLC is currently controlled by Defendants EasyFit LTD and Et Tahiri.

16.     Upon information and belief, at all times material to this action, each of Defendants EasyFit LTD, Et Tahiri and Cabrexa was the agent, servant, employee, partner, alter ego, subsidiary, or joint venture of the other Defendants, and the acts of each Defendant were in the scope of such relationship; in doing the acts and failing to act as alleged in this Complaint, each of these Defendants acted with the knowledge, permission, and the consent of the other Defendant; and each Defendant aided and abetted the other Defendant in the acts and omissions alleged in this Complaint.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 *et seq.*

18.     This Court has personal jurisdiction over Defendants because, upon information and belief, they reside in and/or regularly do business in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

19.     Personal jurisdiction is proper over all Defendants pursuant to N.Y.C.P.L.R. § 302(a) because the unlawful conduct complained of herein has caused, and continues to cause, injury to Plaintiffs within this District, including damages to the business of Plaintiffs, New York corporations with a principal place of business at 58-25 Laurel Hill Blvd., Woodside, New York 11377; Defendants regularly conduct, solicit or transact business in this District; Defendants have solicited consumers in this District; Defendants have entered into agreements with consumers and businesses within this District; Defendants have offered to sell and have sold infringing products to consumers within this District; Defendants derive substantial revenue in interstate and/or international commerce; and because Defendants have regularly

and systematically directed electronic activity into the State of New York through their fully interactive websites with the manifest intent of engaging in business within this District.

20.     Venue in this judicial district is proper under 28 U.S.C. § 1391 in that Defendants reside in and/or conduct substantial business in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

### A. The Easy Fit Company's Business and Goodwill and Establishment of EASY FIT SLIPCOVER Trademark

21.     The Easy Fit Company has been using the EASY FIT SLIPCOVER mark since at least December 2001 to market and sell to U.S. consumers "Bedding and Furniture Coverings."

22.     In April 2003, the United States Patent and Trademark Office (PTO) issued to Plaintiff Life Style a Trademark Registration for EASY FIT SLIPCOVER, Reg. No. 2,706,591, for "Bedding and Furniture Coverings." (**Exhibit A** hereto)  The Registration remains valid, and has attained "incontestability" status under the Trademark Laws pursuant to the lengthy use, registration and maintenance by Plaintiffs of the Mark.

23.     Plaintiff Easy Fit is the exclusive U.S. licensee of the EASY FIT SLIPCOVER registered trademark.

24.     Lillian Nazginov is an officer and manager of the Easy Fit Company and registered for the use thereof the domain names www.easyfitcovers.com and www.easyfitslipcovers.com (the "Genuine EasyFit Domains").

25.      The Easy Fit Company's use over the past twenty years of the EASY FIT SLIPCOVER Mark has transformed the Mark into a highly valuable trademark used through

many channels, including on the web and various selling portals. The Easy Fit Company

operates and markets its products through many web portals including through the registered,

Genuine Easy Fit Domains www.easyfitcovers.com and www.easyfitslipcovers.com.

Association of the mark EASY FIT SLIPCOVER with Plaintiffs is also reflected in

https://www.wayfair.com/brand/bnd/easy-fit-b1304.html  and in many other online media.

In fact, the public has come to associate the mark EASY FIT SLIPCOVER exclusively with

The Easy Fit Companies relative to furniture, cushion and bedding covers.


### B. The Infringing Conduct of Defendants

26.     In or about January 2021, Plaintiffs learned that Defendants EasyFit LTD and

Et Tahiri registered and were operating websites offering knockoffs of Plaintiffs' products

using the domains www.easyfitcover.com, www.easyfitslipcover.com and

www.easyfitslipcover.co (the "Accused Domains").

27.     Comparing the Accused Domains to Plaintiff's Genuine Domains reveals at a

glance that the Accused Domains are virtually identical to the Genuine Domains, except for

the "dropping" of the plural "s" in the word "cover". The Defendants EasyFit LTD and Et

Tahiri's copying and use of the Genuine Easy Fit Domains constitutes a quintessential

example of the widely known practice of "typo-squatting," i.e., stealing, benefitting and/or

harming someone else's domain name(s).

28.     The virtual identity of Plaintiffs' Genuine Easy Fit Domains, on the one hand,

and Defendant EasyFit LTDs and Et Tahiri's Accused Domains, on the other hand, has

caused consumer confusion.

29.     Several customers sent to Plaintiff Easy Fit messages complaining that

product orders were not delivered.  Upon investigation, Plaintiffs learned that the

merchandise at issue had been ordered from Defendants' imitation websites. It was Defendants who had failed to deliver goods and had 'stiffed' customers.

30.    Moreover, Defendants' conduct resulted in terrible reviews to Plaintiffs' business at www.trustpilot.com. One reviewer recommended to consumers to "Avoid this Company…clearly a dodgy company." (E.g., **Exhibit B**).

31.    After learning of Defendant EasyFit LTD and Et Tahiri's infringing trademark and domain name use on the e-Commerce portals Amazon and Shopify, via copycat storefronts, the Easy Fit Company contacted Amazon and Shopify who then halted the on-line infringing activities. Similarly, Facebook removed a business page for Defendants that similarly employed a mark almost identical to Plaintiffs' registered mark.

32.    Plaintiffs' wrote to Defendant Et Tahiri and demanded that he and his company cease and desist all infringement of Plaintiffs' trademark and domain names, causing confusion amongst consumers, and damaging Plaintiffs' reputation amongst consumers and the trade. Plaintiffs also demanded that the illegally procured Accused Domains www.easyfitcover.com, www.easyfitslipcover.com and www.easyfitslipcover.co, be transferred to Plaintiffs "with the user and password information." (**Exhibit C**).

33.    On January 14, 2021, in response to the Cease and Desist letter, Plaintiffs received an email from Defendant Et Tahiri. Mr. Et Tahiri promised to transfer to Plaintiffs "these two domain name easyfitslipcover.com and easyfitslipcover.co" and pleaded "I have closed everything please don't do anything I'm poor a student…" [sic]. (**Exhibit D**). However, Et Tahiri never performed the promised transfer of the web domains to Plaintiffs.

34.    On January 13, 2021, the Shopify organization provided to Lillian Nazginov a sworn statement it received from Defendant Et Tahiri, a copy of which is attached hereto as **Exhibit E**. Et Tahiri swore to Shopify that: "This domain is under my domain EasyFit LTD is also my company name…your company name is easyfit not EasyFit Slipcover LTD".

35.     Plaintiffs' counsel wrote to Defendants Tucows, as the "Registrar" for Defendants' Accused Domains.  However, Tucows responded that it "has no control or ownership over this domain," adding, "We are just the Registrar."  Despite being provided with notice of Defendant EasyFit LTD and Et Tahiri's trademark infringement, Tucows stated: "we are an administrative body and do not judge or adjudicate issues of dispute." Tucows thus took no action to stop infringement of Plaintiffs' trademark. On its web site, Tucows expresses its avowed policy to place the interests of its customers above or ahead of any third party IP rights holders. See **Exhibit C** and **Exhibit F**.

36.     Since Amazon and Shopify's disablement of the use of the Accused Domains, EasyFit LTD and Et Tahiri surreptitiously re-launched the infringing use of Plaintiff's registered mark EAST FIT SLIPCOVERS by offering sales of their products still using the mark "EasyFit" via the web portal www.cabrexa.com, which is registered to the Defendant Cabrexa (the "Cabrexa Portal"). The Cabrexa Portal lists the address of Defendants EasyFit LTD, at Dephna House, 7 Coronation Road, Launchese, London, United Kingdom for "General Inquiries/Broken Items/Incorrect Shipment." (**Exhibit G**).

37.     Although Cabrexa states that it is a company with an office in Wyoming, one of the telephone contact numbers is a United Kingdom phone number, "Phone: (+44) 1315 101389", which on information and belief is the telephone contact number for Defendant EasyFit LTD.

38.     On the Cabrexa website, it is falsely stated: "Since we were founded in 2017, EasyFit slipcover has set the benchmarks in the home textile industry", and "our brand is synonymous with high-quality slipcovers and other innovations in our niche..."

39.     However, the Wyoming corporate records indicated that the defendant Cabrexa was formed in later December 2020. Moreover, there exists no affiliation between Cabrexa and Plaintiffs, and Cabrexa is not the Plaintiffs.  This is yet another example of

Defendants Et Tahiri, EasyFit Slipcover LTD. and Cabrexa attempting to pretend that they are the Plaintiffs or are affiliated with, sponsored or endorsed by the Plaintiffs. (See **Exhibit H**).

40.     Rather than act and resolve the instant dispute by ceasing all uses of the registered EASY FIT SLIPCOVER mark and conveying to Plaintiffs the ownership rights to the Accused Domains, as promised in Et Tahiri's seemingly contrite January 14th email (**Exhibit D**), Defendants have instead continued their infringement of Plaintiffs' EASY FIT SLIPCOVER Mark through the Defendant Cabrexa, also hiding behind Tucows skirt, and Tucows policy of not wanting to get involved while reaping the benefits of being a "registrar" service provider.

41.     On information and belief, the domain registrar Tucows proclaimed policy of placing the interests of its customers ahead of IP right holders, made it necessary and justified the instant Plaintiffs proceeding against the Accused Domains, *in rem*, pursuant to 15 U.S.C. § 1125(d)(2)(A).

42.     In early February 2021, the Defendants EasyFit LTD, Et Tahiri and Cabrexa brazenly attempted, in a galling and shameful (but ultimately failed) maneuver to turn the tables on the instant Plaintiffs by shutting down Plaintiffs' www.easyfitslipcovers.com domain name. That is, someone presenting itself as "Cabrexa" (**Exhibit I**) submitted a "take down" notice under the Digital Millennium Cybersquatting Act (DMCA) to a host (Cogent Communications) of the Plaintiffs' above trademark stating:

We have a good faith belief that the Internet site found at Easyfitslipcovers.com infringes the rights of the Company by using the trademarks of the Company ("Infringing Material").

43.     In other words, in an act that elevates the meaning of CHUTZPA to a new height, Et Tahiri actually attempted to usurp for himself all the rights to the mark EASY FIT SLIPCOVER, which has been Plaintiffs' mark for about two decades.

44.     On February 16, 2021, Plaintiffs' counsel sent an additional cease-and-desist letter to Defendant Cabrexa at contact@cabrexa.com, which is the contact email provided on the cabrexa.com website. (**Exhibit J**).

45.     Plaintiffs' counsel received a notice email that his email to contact@cabrexa.com was not deliverable. Therefore, counsel sent the same communication to Defendant Cabrexa's registered agent with the State of Wyoming.  On same date, Cabrexa's registered agent responded, stating that, "I have uploaded your letter to their [Cabrexa's] mail." (**Exhibit K**).  Consequently, Defendant Cabrexa is fully informed of Plaintiffs' rights and the damage it is causing to Plaintiffs' trademark and reputation through its infringement.

46.     Plaintiffs recently discovered that Et Tahiri and EasyFit LTD's intend to restart their cybersquatting on our domain name, by re-launching the domain www.easyfitcover.com. Accessing this domain, the visitor is met with the announcement: "Easy Fit Cover OPENING SOON." (**Exhibit L**).  Therefore, the refusal by Et Tahiri, EasyFit LTD and Tucows to turn over the domains to Plaintiffs will cause damage once again to Plaintiffs, when Et Tahiri and EasyFit LTD reopen their infringing store, at the infringing easyfitcover domain.  The only way this imminent damage to Plaintiffs can be avoided is for defendants to be enjoined against using the EASY FIT SLIPCOVER trademark or any confusingly similar mark, and for defendants to be ordered to transfer the infringing web domains to Plaintiffs.

47.     Defendants Tucows and Cabrexa have profited from and enabled the trademark infringement of Defendants EasyFit LTD and Et Tahiri and, at best, turned a 'blind eye' to EasyFit LTD and Et Tahiri's impersonation of Plaintiffs and hijacking of Plaintiffs' brand, despite their having the control and direction power to stop the brazen infringements of Plaintiffs' IP rights.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademark in Violation of 15 U.S.C. § 1114(1) Against**

**Defendants EasyFit LTD, Et Tahiri and Cabrexa)**

48.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

49.     Plaintiff Life Style is the owner of the registered trademark, EASY FIT SLIPCOVER, Reg. No. 2,706,591 (Registered April 2003), and Plaintiff Easy Fit, Inc., is the exclusive licensee of the EASY FIT SLIPCOVER trademark.

50.     Defendants' use of Plaintiff's EASY FIT SLIPCOVER Mark to redirect consumers looking for Plaintiff and Plaintiff's trademark to their own websites is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods and/or services in violation of the Lanham Act, 15 U.S.C. § 1114(1).

51.     Upon information and belief, Defendants' conduct, including their continuing infringement after notice, was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiffs' rights.

52.     The aforesaid infringement by Defendants has caused and, unless enjoined, will continue to cause, immediate and irreparable injury to Plaintiffs' business, goodwill and reputation.

53.     Because Plaintiffs' remedy at law is inadequate, Plaintiffs seek, in addition to damages, temporary, preliminary and permanent injunctive relief to protect their trademark and other legitimate business interests. Plaintiffs are reliant on their business reputation and ability to maintain and grow a client base in a competitive market and will continue suffering irreparable harm absent injunctive relief.

54.     Plaintiffs have a substantial likelihood of success on the merits because of Defendants' blatant, willful and malicious infringement on Plaintiffs' EASY FIT SLIPCOVER mark, especially after notice and opportunity to cease and desist were provided.

55.     By reason of Defendants' acts alleged herein, Plaintiffs are entitled to recover profits, actual damages, and the costs of the action, or statutory damages under 15 U.S.C. § 1117.

56.     The foregoing acts have been, and continue to be, deliberate, willful and wanton, making this an "exceptional" case within the meaning of 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (False Designation of Origin in Violation of 15 U.S.C. § 1125(a) Against Defendants EasyFit LTD, Et Tahiri and Cabrexa)

57.      Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

58.     Plaintiff Life Style is the owner of the registered trademark EASY FIT SLIPCOVER.

59.     Defendants' use of Plaintiff's EASY FIT SLIPCOVER Mark to redirect consumers looking for Plaintiff Easy Fit, Inc., (the exclusive licensee of the Mark) and Plaintiffs' trademark to their own websites is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods and/or services in violation of the Lanham Act, 15 U.S.C. § 1125(a).

60.     Upon information and belief, Defendants' conduct, including their continuing infringement after notice, was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiffs' rights.

61.     The aforesaid infringement by Defendants has caused and, unless enjoined, will continue to cause, immediate and irreparable injury to Plaintiffs' business, goodwill and reputation.

62.     Because Plaintiffs' remedy at law is inadequate, Plaintiffs seek, in addition to damages, temporary, preliminary and permanent injunctive relief to protect the Mark and other legitimate business interests. Plaintiffs are reliant on their business reputation and ability to maintain and grow a client base in a competitive market and they will continue suffering irreparable harm absent injunctive relief.

63.     Plaintiffs have a substantial likelihood of success on the merits because of Defendants' blatant, willful and malicious infringement on Plaintiffs' EASY FIT SLIPCOVER mark, especially after notice and opportunity to cease and desist were provided.

### THIRD CAUSE OF ACTION

### (Trademark Cyberpiracy in Violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) Against Defendants EasyFit LTD, Et Tahiri and Cabrexa)

64.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

65.     Plaintiffs are informed and believe, and on that basis allege, that Defendants registered and are using the Infringing Domains with the bad faith intent to profit off of Plaintiffs' EASY FIT SLIPCOVER Mark.

66.     Defendants EasyFit LTD and Ilyass Et Tahiri were competitors of the Plaintiffs at the time that they registered their Infringing Domains, and EasyFit LTD and Et Tahiri were aware of Plaintiffs' trademark rights.

67.     Users who type the Infringing Domains into their Web browsers are directed to Defendants' competing Website. Using a domain name that is virtually identical to a competitor's trademark to redirect users to a competing Website is quintessential bad faith.

68.     Defendants' registration and use of domain names incorporating the EASY FIT SLIPCOVER Mark is likely to cause consumers mistakenly to believe that Defendants' websites are approved of, sponsored by, or otherwise affiliated with Plaintiffs.

69.     The aforesaid actions constitute cybersquatting, in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

70.     The unauthorized use of the EASY FIT SLIPCOVER Mark as a domain name has caused, and unless and until enjoined will continue to cause, irreparable injury to the EASY FIT SLIPCOVER Mark and the good will associated with same. An award of monetary damages alone cannot fully compensate Plaintiffs for their injuries and, therefore, Plaintiffs lack an adequate remedy at law.

71.     Plaintiffs have incurred costs, including without limitation, attorneys' fees and court costs, in seeking to retrieve the Infringing Domains.

72.     By reason of Defendants' acts alleged herein, Plaintiff is entitled to recover profits, actual damages, and the costs of the action, or statutory damages under 15 U.S.C. § 1117.

73.     The foregoing acts have been, and continue to be, deliberate, willful and wanton, making this an "exceptional" case within the meaning of 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

### (Contributory Trademark Infringement Under the Lanham Act against Defendants Tucows and Cabrexa)

74.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

75.     The EASY FIT SLIPCOVER Mark is a valid, federally registered trademark entitled to protection under the Lanham Act.

76.     The EASY FIT SLIPCOVER Mark and the goodwill of the Plaintiffs' businesses associated with them in the United States and throughout the world are of great and significant value and have become associated in the public mind with high quality products and service.

77.     With full knowledge of Plaintiffs' rights in the EASY FIT SLIPCOVER Mark, the Tucows Defendants and Cabrexa have generated business and income from providing website services to Defendants EasyFit LTD and Et Tahiri, including web hosting and optimization services, while EasyFit LTD and Et Tahiri engage in blatant infringement of Plaintiffs' EASY FIT SLIPCOVER Mark, including luring customers away from Plaintiffs to the Defendant EasyFit LTD and Et Tahiri's sites through the unauthorized exploitation of Plaintiffs' Mark.

78.     The Tucows Defendants and Cabrexa induced, aided, facilitated, participated in and/or materially contributed to the trademark infringement of Defendants Easy Slipcover and Et Tahiri of the EASY FIT SLIPCOVER Mark in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

79.     By providing website hosting, development and optimization services to Defendants EasyFit LTD and Et Tahiri, Defendants Tucows and Cabrexa supplied the

necessary marketplace for the infringement of the EASY FIT SLIPCOVER Mark and received financial benefit therefrom.

80.     The Tucows Defendants and Cabrexa exercised control over the means of infringement described above. Even when informed by Plaintiffs of the trademark infringement of EasyFit LTD and Et Tahiri, the Tucows Defendants and Cabrexa continued to accept business from and provided the defendants with the necessary services to make the infringement over the internet possible, profitable and lucrative.

81.     The actions of Tucows and Cabrexa as described above have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of the Et Tahiri/EasyFit LTD products, and are likely to deceive the public into believing that the Et Tahiri/EasyFit LTD products sold by the websites receiving hosting and other services from Tucows and Cabrexa originate from, are associated with, or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales, and the notoriety of the EASY FIT SLIPCOVER name.

82.     Tucows and Cabrexa are therefore contributorily liable for the infringement of the EASY FIT SLIPCOVER Mark by Defendants and other internet merchants who rely on Tucows and Cabrexa's website hosting, development and optimization services in connection with the sale of the Et Tahiri/EasyFit LTD goods.

83.     Plaintiffs have been damaged by Tucows and Cabrexa's contributory infringement in an amount to be determined at trial. For example, and without limitation, Tucows and Cabrexa have been unjustly enriched through the unlawful and unauthorized use of the EASY FIT SLIPCOVER Mark, from which Tucows and Cabrexa received income.

84.     Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by the actions of Tucows and Cabrexa.

85.     Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs respectfully request that this Court order:

a.  That Defendants EasyFit LTD, Et Tahiri and Cabrexa, and all persons acting in concert with them be preliminarily and permanently enjoined from using the domain names www.easyfitcovers.com, www.easyfitslipcovers.com, www.easfitslipcover.com, and www.cabrexa.com, and be ordered to file with the Court and serve on Plaintiffs within thirty (30) days after the service on Defendants EasyFit LTD, Et Tahiri and Cabrexa of such injunction, or such shorter or extended period as the Court may direct, a report in writing under oath setting forth in detail the manner in which Defendants EasyFit LTD, Et Tahiri and Cabrexa have complied with the injunction;

b.  That Defendants EasyFit LTD, Et Tahiri and Cabrexa, and their respective domain name registrar and/or domain name registry be ordered to transfer the domain www.easyfitcovers.com, www.easyfitslipcovers.com, www.easfitslipcover.com, and www.cabrexa.com to Plaintiffs pursuant to 15 U.S.C. § 1125(d);

c.  That Defendants be ordered to relinquish control over any websites, webpages, web hosting, social media and/or email accounts which include, are associated with, or similar to Plaintiffs' trademark;

d.  A Temporary, Preliminary and Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from using Plaintiffs' trademark or any designation confusing similar thereto, including registering or using any domain name incorporating, in whole or in part, any word or mark identical or similar to Plaintiffs' EASY FIT SLIPCOVER Mark such as "easyfit" or "easyfitcover";

e.  That Defendants be ordered not to do any other acts or things calculated to cause confusion or mistake in the mind of consumers that the products or services offered by Defendants come from Plaintiffs or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs;

f.  That Tucows be enjoined from registering to any party a domain that includes "easyfitcover" or "easyfitslipcover";

g.  That Plaintiffs recover from Defendants all damages sustained pursuant to 15 U.S.C. § 1125(d), 15 U.S.C. § 1114 and/or 15 U.S.C. § 1125(a);

h.  That Defendants be ordered to pay Plaintiff all damages sustained, reasonable costs, expenses, and attorneys' fees in prosecuting this action, pursuant to 15 U.S.C. 1117;

i.  An Order directing Defendants to engage in appropriate and commensurate corrective advertising;

j.  An Order requiring disgorgement of profits from Defendants to Plaintiffs for all claims so applicable;

k.  Exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community;

l.  That Plaintiffs be awarded pre- and post-judgment interest to the maximum extent allowed by law;

m.  An Order awarding attorneys' fees, costs and expenses incurred in connection with this action to Plaintiffs; and

n.  Such other and further relief as the Court may deem just and proper.

<u>JURY DEMAND</u>

Plaintiffs demand a trial by jury of all issues so trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  New York, New York
February 18, 2021

_*s/ Max Moskowitz*___

OSTROLENK FABER LLP
Max Moskowitz, Esq.
Ariel Peikes, Esq.
845 Third Avenue
New York, New York 10022
Telephone: (212) 596-0500
Facsimile:  (212) 382-0888
Email: mmoskowitz@ostrolenk.com
Email: apeikes@ostrolenk.com

## VERIFICATION

I, Lillian Nazginov, verify under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am an officer of the Plaintiffs LIFE STYLE FUTON, INC., and EASY FIT, INC. and am familiar with the facts of this matter. I verify that, to the best of my personal knowledge, and based on a review of Plaintiffs' records, the statements contained in this Verified Complaint are true and accurate, and that those allegations that are stated upon information and belief are, to the best of my belief, true and accurate.

Dated: Queens, New York
February 18, 2021

Lillian Nazginov

{02631239.1}