Max Moskowitz
Ariel Peikes
OSTROLENK FABER LLP
845 Third Avenue
New York, New York 10022
mmoskowitz@ostrolenk.com
apeikes@ostrolekn.com
Telephone: (212) 382-0700
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFE STYLE FUTON, INC., and EASY FIT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>EASYFIT SLIPCOVER, LTD., ILYASS ET TAHIRI, TUCOWS, INC., TUCOWS.COM CO., and CABREXA, LLC, and the domain names:<br>**www.easyfitcover.com, www.easyfitslipcover.com,** and **www.easyfitslipcover.co**, *in Rem*.<br><br>Defendants. | Index No.: 1:21-cv-1482<br><br>**DECLARATION OF LILLIAN NAZGINOV PURSUANT TO LOCAL RULE 6.1(d)** |

LILLIAN NAZGINOV, an Officer of Plaintiffs Life Style Futon, Inc. and Easy Fit, Inc.,

hereby declares the following to be true under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.      I am an Officer of Plaintiffs, Life Style Futon Inc. ("Life Style") and East Fit, Inc.

("Easy Fit") (collectively, "Easy Fit Company" or Plaintiffs).  I am fully familiar with the facts

and circumstances set forth herein. I refer below to Defendants by their acronyms in the Complaint, namely to Defendants EasyFit LTD, Et Tahiri, Tucows and Cabrexa.

2.      Easy Fit Company has used its trademark, EASY FIT SLIPCOVER for twenty years, invested into it huge monetary and human resources, and has thereby transformed it into a highly valuable and widely recognized trademark that has engendered for the Easy Fit Company a tremendous amount of goodwill.

3.      The mark has been registered by the United States Patent and Trademark Office in 2003, as attested to by its registration certificate. (**Exhibit A**).   The Easy Fit Slipcover trademark registration has since become "incontestable," pursuant to the Trademark Laws (at 15 U.S.C. § 1065) due to its lengthy period of use and registration.

4.      For many years, Easy Fit Company has been selling its bedding and furniture products through various web portals, including through www.easyfitcovers.com and www.easyfitslipcovers.com, which it registered in 2002.

5.      In January 2021, Easy Fit Company learned of trademark infringement by the defendants after receiving communications from confused customers.  The customers mistakenly believed that they had ordered products from Plaintiffs, but in fact, the orders had been submitted to Defendants EasyFit LTD and Et Tahiri through their infringing websites and e-commerce stores.

6.      Easy Fit Company also received (mistaken) negative online reviews at the site www.trustpilot.com.   (**Exhibit B**).   For example, one customer warned others to "avoid [Plaintiffs'] company", but in fact the subject purchases were made from Defendants EasyFit LTD and Et Tahiri.  Plaintiffs were alarmed because they had no control over the orders submitted to the Defendants and how consumers would perceive Plaintiffs' trademark and brand. Plaintiffs found that their trademark and reputation had been hijacked by Defendants EasyFit LTD and Et Tahiri.

7.      Upon investigation, Easy Fit Company learned that defendants had registered and were operating 'knockoff', imitation websites at www.easyfitcover.com, www.easyfitslipcover.com and www.easyfitslipcover.co.  The domains for defendants' websites are the same as our Easy Fit Company websites, only with the "s" omitted.  As such we determined that consumers who mistype our website addresses land upon defendants' websites and are misled to believe that they have successfully reached our shop.

8.      On January 7, 2021, our IP counsel sent a cease and desist letter to Defendants EasyFit LTD and Et Tahiri demanding that they stop using the Infringing Domains www.easyfitcover.com, www.easyfitslipcover.com and www.easyfitslipcover.co and Plaintiffs' trademark, and to immediately transfer the domains to Plaintiffs. (**Exhibit C**).

9.      I contacted Amazon and Shopify who closed and/or stopped servicing Defendant EasyFit LTD and Et Tahiri's websites and e-commerce stores.

10.     Defendant Et Tahiri responded to Plaintiffs' IP counsel on January 14, 2021. (**Exhibit D**).

11.     Et Tahiri promised that he would comply with the cease and desist letter's demands, including turning over ownership of the infringing domains by providing the username and passwords to Plaintiffs.  Et Tahiri stated "I have closed everything please don't do anything I'm poor a student…"  (**Id.**). Instead, however, Et Tahiri had attempted to stop Shopify from discontinuing its services to him. (**Exhibit E**).  Et Tahiri responded to Plaintiffs' complaint to Shopify, stating: "This domain is under my domain EasyFit Slipcover is also my company name [sic] your company name is easyfit not EasyFit Slipcover LTD." [sic]. (**Id.**).

12.     Fortunately (but not surprisingly), after Shopify received Defendant Et Tahiri's response, which is all but a confession of trademark infringement and cybersquatting, Shopify

discontinued servicing Defendant EasyFit LTD and Et Tahiri's domains. However, Et Tahiri did not fulfill his promise to transfer the infringing domains to Plaintiffs.

13.     The Defendant Tucows is the Registrar of the Defendants' offending, above-mentioned domain names. On January 7, 2021, our IP counsel contacted Defendant Tucows, through its email portal domainabuse@tucows.com  and informed Tucows that they are aiding and abetting the trademark infringement and cybersquatting violations of the Defendants EasyFit LTD and Et Tahiri. (See **Exhibit F**).

14.     Since Tucows ignored our Counsel's aforementioned letter, our Counsel wrote again to Tucows on January 13, 2021 (Id.), specifically noting and objecting to Tucows' advertised "registrant–first" approach to dispute resolution.  Apparently, Tucows publicly proclaims to its actual and future customers: "*Tucows' approach to any domain name dispute begins with the firm belief that your domain name is your own…We will not allow your domain name to be used as leverage in a dispute. We will not readily 'seize' your domain name under public pressure as other registrars have done.*" (Id., at pg. 3 "The Tucows Domain Promise").   In other words, Tucows has adopted a policy of willful blindness to trademark infringement and cybersquatting, no matter how egregious a customer's actions may be.  Further, Tucows informs that "[i]t is not necessary to name Tucows in a legal dispute regarding a domain name registered at Tucows," and "Tucows will comply with any Order issued by a court of competent jurisdiction." (Id., at pg. 4).  In other words, even when directly notified of infringement by a business for which it serves as registrar, Tucows will not take any action, but asks that it not to be sued for being a contributory infringer – Tucows seeks to have its milk and drink it too!

15.     On January 14, 2021, Tucows wrote to Easy Fit Company: "We are just the Registrar" and "we are an administrative body and do not judge or adjudicate issues of dispute."

16.     After Defendants EasyFit LTD and Et Tahiri's knockoff e-commerce stores were closed or refused service by Amazon and Shopify, I discovered that the Defendant Et Tahiri determined to continue using and infringing on our trademark via another, just created online store at www.cabrexa.com.  The website includes the London address of Defendant EasyFit LTD, i.e. "7 Coronation Road…" (**Exhibit G**).  However, Cabrexa LLC lists an address in Wyoming and is a State of Wyoming entity. (Id.). The Cabrexa store advertises and still offers EASY FIT furniture coverings.

17.     On the Cabrexa website, Et Tahiri falsely states: "Since we were founded in 2017, EasyFit slipcover has set the benchmarks in the home textile industry", and "our brand is synonymous with high-quality slipcovers and other innovations in our niche..."  However, this statement is false for several reasons. Et Tahiri, by his admission, started using the trademark Easy Fit Slipcover in 2020 and, furthermore, I have seen in corporate documents that Cabrexa was formed in December 2020, and similarly EasyFit LTD was also first formed in 2020. This is yet another example of Defendants Et Tahiri, EasyFit LTD and Cabrexa attempting to pretend that they are our company, or are affiliated with, sponsored or endorsed by our company. (See **Exhibit H**).

18.     In early February 2021, I was notified by the web developer of Easy Fit Company that someone named "Cabrexa Ltd." has lodged a DMCA take down notice with one of the companies involved with the hosting of our legitimate and genuine domain name www.easyfitslipcovers.com. The request is attached as **Exhibit I**. Brazenly, the letter constitutes a statement "Under penalty of perjury" that Cabrexa Ltd. is the owner of "exclusive intellectual property rights" that are being infringed by Easy Fit Company.  The letter is signed by "Cabrexa

Ltd." and apparently fails to list even a single trademark or copyright owned by the company.
(**Id.**).

19.     I immediately recognized this as a *tit-for-tat* (fortunately unsuccessful) attempt by Et Tahiri to interfere with the business operations of my companies and to perpetuate his attempts to usurp the rights to the EASY FIT SLIPCOVER trademark.

20.     On February 16, 2021, our counsel sent an additional cease-and-desist letter to Defendant Cabrexa at contact@cabrexa.com, which is the contact email provided on the www.cabrexa.com website. (**Exhibit J**).

21.     Our counsel received a notice email that his email to contact@cabrexa.com was not deliverable. Therefore, counsel sent the communication to Defendant Cabrexa's registered agent with the State of Wyoming.  On same date, Cabrexa's registered agent responded, stating that, "I have uploaded your letter to their [Cabrexa's] mail." (**Exhibit K**).  Consequently, Defendant Cabrexa is fully informed of Plaintiffs' rights and the damage it is causing to Plaintiffs' trademark and reputation through its infringement.

22.     The events reported above, lead me to firmly believe that Defendants EasyFit LTD and Et Tahiri control and dominate Defendant Cabrexa, and for all intents and purposes, Cabrexa is Et Tahiri and EasyFit LTD.

23.     To date, Defendants have not responded to the cease and desist letter sent to Cabrexa.

24.     I recently discovered that Et Tahiri and EasyFit LTD's intend to restart their cybersquatting on our domain name, by re-launching the domain www.easyfitcover.com. Accessing this domain, the visitor is met with the announcement: "Easy Fit Cover OPENING SOON." (**Exhibit L**).  Therefore, the refusal by Et Tahiri, EasyFit LTD and Tucows to turn over

the domains to Plaintiffs will cause damage once again to Plaintiffs, when Et Tahiri and EasyFit LTD reopen their infringing store, at the infringing easyfitcover domain. The only way this imminent damage to Plaintiffs can be avoided is for defendants to be enjoined against using the EASY FIT SLIPCOVER trademark or any confusingly similar mark, and for defendants to be ordered to transfer the infringing web domains to Plaintiffs.

25.     As set forth in the Complaint, Plaintiffs' reputation is significantly damaged every single day that the Defendants continue to infringe upon the EASY FIT SLIPCOVER mark and every day that the Infringing Domains are allowed to remain in public view and in Defendants' possession and control.

26.     Defendants Tucows and Cabrexa have profited from and enabled the trademark infringement of Defendants EasyFit LTD and Et Tahiri and, at best, turned a 'blind eye' to EasyFit LTD and Et Tahiri's impersonation of Plaintiffs and hijacking of Plaintiffs' brand, despite their having the control and direction power to stop the brazen infringements of Plaintiffs' IP rights.

27.     The facts recited above also establish that the Defendants EasyFit LTD, Et Tahiri, Tucows and Cabrexa are fully informed and cognizant of their acts, including through their communications with myself, Easy Fit Company's counsel, with the involvement of Shopify, and Amazon. Yet, these Defendants have determined to push forward with their quests to continue infringing on the trademark EASY FIT SLIPCOVER and continue to violate the Anti-Cybersquatting law of the United States of America.

28.     Granting of the requested preliminary relief is urgently needed to prevent irreparable, permanent harm to the goodwill and trademark rights of the Easy Fit Company.

29.     This Declaration is submitted in compliance with Local Civil Rule 6.1(d).

{02631238.1}                                  7

30.   There has been no prior request for the relief sought herein.

Dated:  Queens, New York

February 18, 2021

Lillian Nazginov

Officer, Easy Fit Company