UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFE STYLE FUTON, INC., and EASY FIT, INC.,<br><br>                    Plaintiffs,<br>       v.<br><br>EASYFIT SLIPCOVER, LTD., ILYASS ET TAHIRI, TUCOWS, INC., TUCOWS.COM CO., and CABREXA, LLC, and the domain names: **www.easyfitcover.com, www.easyfitslipcover.com, and www.easyfitslipcover.co**, *in Rem.*<br><br>                    Defendants. | Case No: 1:21-cv-1482 |

**DECLARATION OF REGINA LEVY IN SUPPORT OF
TUCOWS' OPPOSITION TO A PRELIMINARY INJUNCTION**

I, Regina Levy, declare as follows:

    1.    I submit this declaration in support of Tucows's Opposition to Plaintiffs' Motion for a Preliminary Injunction.

    2.    I am an attorney duly licensed in the State of California, and I am employed full time by Tucows Inc. ("Tucows") as Head of Compliance. I am competent to testify to the matters stated herein.

    3.    I have reviewed the Complaint and other papers filed by the Plaintiffs in the present Action.

    4.    Tucows is a publicly traded company on the NASDAQ exchange. Tucows' 10-K annual report for 2020 ("2020 Annual Report") filed with the United States Securities and Exchange Commission on March 3, 2021 is attached as **Exhibit A**.

    5.    Tucows' principal businesses are optical fiber internet services and domain name registration services. As set forth at page 29 of the 2020 Annual Report, by the end of 2020

Tucows had more than 25 million domain names under management.

6. Tucows' principal office is in Toronto, Ontario. Tucows is not organized or located in the State of New York.

7. Domain name registration services are automated processes by which a customer selects a domain name and enters into a domain registration contract with an accredited registrar, to have the domain name placed into the corresponding registry. The present Action involves several .com domain names, registered through Tucows with the .com registry operated by Verisign Inc., and a .co domain name registered through Tucows with the .co registry operated by GoDaddy.com under contract to the .CO Internet SAS registry.

8. Tucows operates its own retail domain registrar, and also provides "back end" registrar services to registration service resellers who offer domain registration services through their own customer interfaces in conjunction with web hosting, ecommerce services or other services.

9. Of the domain names mentioned in the Plaintiffs' filings, easyfitslipcover.com, easyfitslipcover.co, easyfitcover.com, and cabrexa.com are registered with Tucows through a registration service reseller, Shopify.com, which also provides web hosting and ecommerce services to its customers. Tucows's sole involvement with these domain names is as a back end registrar to Shopify, and Tucows provides no services in relation to these domain names other than domain registration services.

10. The domain names easyfitcovers.com and easyfitslipcovers.com, which the Plaintiffs demand at page 18 of the Complaint to be transferred to the Plaintiffs, are not registered with Tucows. The domain name easfitslipcover.com, also demanded by the Plaintiffs at page 18 of the Complaint is an unregistered domain name, which can be registered by the

Plaintiffs or anyone else as of the date of this Declaration.

11. To operate as a domain name registrar, Tucows is required to be accredited by the Internet Corporation for Assigned Names and Numbers (ICANN), a California public benefit corporation, and also by each of the top-level domain registries in which Tucows is authorized to register domain names. The requisite accreditation agreements for both .com and .co require Tucows to implement a trademark dispute policy denominated as the Uniform Domain-Name Dispute Resolution Policy (the "UDRP"), attached as **Exhibit B** along with the implementing Rules for the UDRP ("UDRP Rules"). All of the domain names registered with Tucows in the present action are subject to the UDRP.

12. The UDRP provides a streamlined arbitration process administered by neutral dispute resolution providers accredited by ICANN. Such providers include the World Intellectual Property Organization (WIPO), a UN treaty organization; and the National Arbitration Forum, a private dispute resolution provider. In 2020, for example, WIPO issued just over 100 decisions ordering transfers and a dozen denials of UDRP complaints involving Tucows names, out of over 4000 UDRP cases processed by WIPO in 2020 as noted by WIPO under "Total Number of Cases per Month for Year 2020" at <https://www.wipo.int/amc/en/domains/statistics/cases_yr.jsp?year=2020> .

13. Tucows is not the author of the required trademark dispute policy embodied in the UDRP, and Tucows plays no role in adjudicating or deciding disputes under the UDRP.

14. In addition to domain arbitrations conducted by neutral service providers, the UDRP further requires, at Paragraph 3(b) thereof, that Tucows implement court orders issued by courts of competent jurisdiction:

> **3. Cancellations, Transfers, and Changes.** We will cancel, transfer or otherwise make changes to domain name registrations under the following circumstances:

[…]

    b. our receipt of an order from a court or arbitral tribunal, in each case of competent jurisdiction, requiring such action;

15. In order to prevent registrants from seeking to make changes or change registrars during a dispute and to maintain the *status quo ante*, the UDRP further provides, at Paragraph 8:

> **8. Transfers During a Dispute.**
>
> a. Transfers of a Domain Name to a New Holder. You may not transfer your domain name registration to another holder […] (ii) during a pending court proceeding or arbitration commenced regarding your domain name unless the party to whom the domain name registration is being transferred agrees, in writing, to be bound by the decision of the court or arbitrator. We reserve the right to cancel any transfer of a domain name registration to another holder that is made in violation of this subparagraph.

16. When notified of litigation concerning a domain name in a court of competent jurisdiction, Tucows implements the UDRP Paragraph 8 restriction on transferring a domain name, and waits to receive and implement any definite order which may be issued in relation to the disputed domain name or the registrant thereof.

17. The UDRP Paragraph 8 requirement to restrict transfers of disputed domain names and the Paragraph 3 requirement to implement court orders apply in circumstances where the registrar has not been named as a party to the dispute or action. It is thus not necessary to name Tucows as a party to such action to make an order enforceable. In the event the registrar is named as a party, in contrast, UDRP Paragraph 6 controls:

> **6. Our Involvement in Disputes.** We will not participate in any way in any dispute between you and any party other than us regarding the registration and use of your domain name. You shall not name us as a party or otherwise include us in any such proceeding. **In the event that we are named as a party in any such proceeding, we reserve the right to raise any and all defenses deemed appropriate, and to take any other action necessary to defend ourselves.** (Emphasis Added)

Accordingly, Tucows intends to raise any and all defenses and to take any action necessary to

defend itself as long as Tucows remains named as a party to the instant Action.

I declare under penalty of perjury under the laws of the United States that all statements of fact in the foregoing are true and correct.

Executed in Los Angeles, California on March 15, 2021

_____
Regina Levy
Head of Compliance
Tucows Inc.
96 Mowat Avenue
Toronto, ON M6K 3M1
Canada
1-800-371-6992
compliance@tucows.com