```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
LIFE STYLE FUTON, INC., and                                       :
EASY FIT, INC.,                                                   :
                                                                  :
                              Plaintiffs,                         :
                                                                  :
               -v -                                               :
                                                                  :
EASYFIT SLIPCOVER LTD., et al.                                    :
                                                                  :
                              Defendants.                         :
                                                                  :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/2021

1:21-cv-1482-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

The Court scheduled a conference for October 22, 2021 to discuss Plaintiffs' request for reconsideration or clarification of the Court's October 3, 2021 Order. Dkt. No. 57. At the time of the conference, the Court, court reporter, and counsel for the plaintiffs dialed in to the Court's conference line. No representative appeared for the defendants. After giving the defendants ten minutes to join, the Court adjourned the conference. Because the Court was unable to respond to Plaintiffs' October 12, 2021 request during the telephone conference, the Court will respond to Plaintiffs' request by written order.

Plaintiffs seek clarification or reconsideration of the Court's October 3, 2021 order denying the parties' joint motion for approval of a consent judgment. Dkt. No. 56. Reconsideration of the decision denying court approval of the parties' proposed consent judgement is not warranted. "Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth the matters or controlling decisions which counsel believes the Court has overlooked. Motions for reconsideration are . . . committed to the sound discretion of the district court. The standard for granting a motion for reconsideration is strict, however, and such a motion is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. As such, reconsideration

should be granted only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017) (internal quotation marks and citations omitted).

Plaintiff's letter cites to no new material facts or law. Plaintiffs argue only that the "proposed Consent Judgement in Dkt. No. 52 stands alone and does not ensnare the Court in any private agreement." Dkt. No 56. This is not a new fact; nor is it fully accurate. The Court understood at the time that the proposed consent judgment did not contain the parties' full settlement agreement. However, as addressed in the Court's October 3, 2021 Order, the consent judgment would ensnare the Court in the parties' private settlement by ordering compliance with terms embodying the provisions of the parties' private resolution of this matter.

There is nothing wrong with the parties reaching a private agreement to resolve their dispute. However, as explained in the Court's prior order, this court will not turn that agreement, or portions of it, into an order of the Court simply because the parties ask me to do so. "Unlike a private agreement, a consent judgment contemplates judicial interests apart from those of the litigants." *EEOC v. Local 580 Int'l Ass'n of Bridge, Structural & Ornamental Workers*, 925 F.2d 588, 593 (2d Cir. 1991). The Court has not been presented with any justification for giving the parties' private agreement its judicial imprimatur, other than their mere request. The parties are at liberty to pursue any breach of contract or other claim they may have against each other as a result of any violations of their agreement, but they cannot seek contempt sanctions from the Court.

Plaintiff's motion for reconsideration, Dkt. No. 56, is denied.

SO ORDERED.

Dated: October 25, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge